UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:10-CR-63-TAV-CCS |
| | ) | |
| SHAWN WRIGHT, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's *pro se* motions for a sentence reduction in light of 18 U.S.C. § 3582(c) and the Fair Sentencing Act of 2010 ("FSA") [Docs. 78, 83]. Amendment 750 to the United States Sentencing Guidelines (the "Guidelines") implemented the FSA and reduced the base offense level for most offenses involving crack cocaine. The United States filed a response in opposition, asserting that the defendant is not eligible for a sentence reduction because Amendment 750 had already been incorporated into the Guidelines at the time the defendant was initially sentenced [Doc. 95].

**I.  Legal Background**

A district court may modify a defendant's sentence after judgment has been entered only if modification is permitted by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Modification is permitted by § 3582(c)(2) when the sentencing range for the offense for which the defendant was sentenced has been lowered:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The applicable policy statement is section 1B1.10 of the United States Sentencing Guidelines Manual (the "Guidelines"), which designates the amendments to the Guidelines that may be applied retroactively. *See Dillon v. United States*, — U.S. —, —, 130 S. Ct. 2683, 2691 (2010) ("A court's power under § 3592(c)(2) . . . depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive."); *see also id.* at 2693 (describing the Sentencing Commission's retroactivity determinations made pursuant to 28 U.S.C. § 994(u) as "binding"). In relevant part, section 1B1.10 provides:

> (a) Authority.--
>
> (1) In General.--In case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) Exclusions.--A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if--
>
> . . .

2

> (B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

U.S. Sentencing Guidelines Manual § 1B1.10 (revised Nov. 1, 2012). The application notes to section 1B1.10 also provide that, in considering a reduction in a defendant's term of imprisonment, a court must consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* § 1B1.10 cmt. n.1(B). A court may also consider a defendant's post-sentencing conduct. *Id.*

The FSA altered the statutory penalties for offenses involving cocaine base ("crack cocaine") and directed the Sentencing Commission to promulgate emergency amendments that would bring the Guidelines into conformity with its provisions. The result of that directive was Amendment 748, a temporary, emergency amendment, which included a downward adjustment of the base offense levels for possession of crack cocaine. On April 6, 2011, the Sentencing Commission re-promulgated as permanent the provisions of Amendment 748 and on April 28, 2011, submitted the amendment for congressional review. *See* 76 Fed. Reg. 24960, 24962 (May 3, 2011). On June 30, 2011, the Sentencing Commission voted to give Amendment 748 retroactive effect, to be designated Amendment 750 in Appendix C of the Guidelines. *See* 76 Fed. Reg. 41332–35 (June 13, 2011). On November 1, 2011, Amendment 750 went into effect, thus authorizing retroactive application of the lowered offense levels contained in the FSA for offenses involving possession of crack cocaine. Because Amendment 750 may now be applied retroactively, *see* U.S. Sentencing Guidelines Manual § 1B1.10(c), if the sentencing range for the defendant's offense has been lowered by Amendment 750, then

3

the Court has discretion under § 3582(c)(2) to reduce the defendant's sentence, after first considering the § 3553 factors and whether the reduction is consistent with applicable policy statements issued by the Sentencing Commission.

**II.     Analysis**

In November 2010, the defendant pleaded guilty, pursuant to a written plea agreement with the United States, to conspiring to distribute and possess with intent to distribute at least fifty grams of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and possessing with intent to distribute at least fifty grams of crack cocaine, also in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) [Doc. 34]. In exchange, the government agreed to dismiss five substantive distribution counts [*Id.*]. As part of his plea agreement, the defendant stipulated that he was responsible for at least 500 grams of crack cocaine and that he faced a statutorily-mandated minimum sentence of life imprisonment as to each count because of his prior drug convictions, regarding which the government had filed notice pursuant to 21 U.S.C. § 851 [*Id.*].

In calculating the applicable Guidelines range, the probation officer found that the drug quantity to which the defendant had stipulated—500 grams of crack cocaine— yielded a base offense level of 32 [Presentence Investigation Report ("PSR") ¶¶ 26, 31, 33]. After a three-level reduction for acceptance of responsibility, the total offense level was 29, and given the defendant's criminal history category of III, the resulting Guidelines range was 108 to 135 months' imprisonment [*Id.* ¶¶ 38, 39, 70]. But due to

4

the defendant's prior felony convictions, the restricted guidelines range was life [*Id.* ¶ 70].

The government filed a motion for downward departure based on the defendant's substantial assistance and withdrew one of the prior drug convictions listed in the § 851 notice, thereby reducing the applicable mandatory minimum from life to 240 months' imprisonment [*Id.* ¶ 6; Doc. 66]. The Court granted the motion and sentenced the defendant to 240 months' imprisonment [Doc. 68]. The defendant appealed and the Sixth Circuit Court of Appeals affirmed [Doc. 76].

Although Amendment 750 is listed in section 1B1.10(c) as retroactively applicable, the defendant was convicted and sentenced after it had already been incorporated into the Guidelines, so he has already received the benefit of the amendment. Thus, because Amendment 750 does not actually lower the defendant's Guidelines range, the Court has no authority to reduce the defendant's sentence under § 3582(c). Moreover, to the extent that the defendant relies upon *Dorsey v. United States*, 132 S. Ct. 2321 (2012), for relief, § 3582(c) permits sentence reductions only pursuant to Guidelines amendments, not Supreme Court decisions or statutory changes, so the Court cannot afford the defendant the relief he seeks under this framework. *See United States v. Downs*, 487 F. App'x 286, 287 (6th Cir. 2012) ("A sentence reduction pursuant to section 3582(c)(2) can only be made on the basis of amendments to the sentencing guidelines."); *United States v. Erazo*, No. 3:08-cr-70, 2012 WL 4442528, at *3 (E.D. Tenn. Sept. 25, 2012) (recognizing that "*Dorsey* does not provide any independent basis

5

to grant relief under 18 U.S.C. § 3582(c). . . . [T]hat statute authorizes reductions based upon retroactive Guidelines amendments, . . . [and] *Dorsey* is not a Guidelines amendment, but a Supreme Court decision.").

## III. Conclusion

For the reasons given above, the defendant's *pro se* motions for a sentence reduction [Docs. 78, 83] are hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
CHIEF UNITED STATES DISTRICT JUDGE