UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| SHAWN WRIGHT, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | Nos.: 3:10-CR-63-TAV-CCS |
| v. | ) | 3:13-CV-53-TAV-CCS |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This is a *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Shawn Wright ("petitioner"). Petitioner's motion is based on two grounds: (1) his counsel was ineffective on two occasions; and (2) the Supreme Court's holding in *Dorsey v. United States*, 132 S. Ct. 2321 (2012), requires modification of his sentence to the new statutory minimum. In response to the § 2255 motion, the United States (1) denies that petitioner has established any constitutional ineffective assistance of counsel; and (2) does not oppose petitioner's request for modification of his sentence in light of *Dorsey*, subject to consideration of the 18 U.S.C. § 3553(a) factors. For the following reasons, petitioner's motion for § 2255 relief will be **DENIED IN PART** and **GRANTED IN PART**. Petitioner's motion for § 2255 relief based on ineffective assistance of counsel will be **DENIED**. Petitioner's motion for § 2255 relief based upon the holding in *Dorsey* will be **GRANTED**, his sentence of 240

months' imprisonment will be **VACATED**, and a new sentence of 120 months' imprisonment will be **IMPOSED**.

I.   **Factual Background**

On November 1, 2010, the Court accepted petitioner's plea of guilty to two charges that he conspired to distribute and possessed with intent to distribute fifty or more grams of crack cocaine [Doc. 34 p. 2–4; Doc. 75 p. 20].[1]  The signed plea agreement sets forth the offense behavior, which occurred between July 2009 and February 2010, and states that the parties agree that petitioner "shall be held responsible for at least 500 grams but less than 1.5 kilograms of cocaine base" [Doc. 34 p. 2–4]. Petitioner's signed plea agreement also provides that, due to petitioner's prior drug convictions, the mandatory punishment for each charge is life imprisonment and that "[n]o promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case" [*Id.* at 1, 5].

Before the Court accepted petitioner's guilty plea, petitioner confirmed under oath that his lawyer had explained the terms of the plea agreement to him, that he had ample opportunity to review the plea agreement and discuss it with his lawyer before he signed it, and that he was satisfied with the advice his lawyer had given him in the matter [Doc. 75 p. 5–6]. Petitioner also agreed that no one had promised or suggested that he would

---

[1] Petitioner pleaded guilty to Count One and Count Eight of the indictment. Count One charged petitioner with conspiracy to distribute and possess with intent to distribute fifty (50) grams or more in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Count Eight charged petitioner with possession of fifty (50) grams or more of crack cocaine with intent to distribute, aided and abetted by another, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2.

2

receive a lighter sentence or leniency if he pleaded guilty [*Id.* at 8]. The Court informed petitioner that the government had not made any agreement to recommend a particular sentence and that the Court would determine his sentence [*Id.* at 18–19]. The Court also set forth the relevant charges and the applicable statutory penalties, including the potential penalty of mandatory life in prison without release, and petitioner expressed his understanding of the charges and potential penalties [*Id.* at 16–20]. After affirming that petitioner was pleading guilty because he was in fact guilty and that petitioner understood the nature and elements of the offenses to which he was entering a guilty plea, as well as the potential minimum and maximum penalties for those offenses, the Court accepted petitioner's plea of guilty [*Id.* at 17, 20–21].

In calculating the applicable Guidelines range for petitioner, the probation officer found that the drug quantity to which petitioner had stipulated yielded a base offense level of 32 [Doc. 96 p. 4]. After a three-level reduction for acceptance of responsibility, the total offense level was 29, and, given petitioner's criminal history category of III, the resulting Guidelines range was 108-135 months' imprisonment [*Id.*]. Due to petitioner's prior felony drug convictions, however, the restricted guidelines range was life [*Id.*].

The United States filed a motion for downward departure based on petitioner's substantial assistance in which it also agreed to withdraw one of the prior drug convictions listed in the § 851 notice, thereby reducing the applicable mandatory minimum sentence from life to 240 months' imprisonment [Doc. 66; Doc. 74 p. 7–11]. On May 19, 2011, the Court granted the motion and, after careful consideration of all

3

relevant factors, including those set forth in 18 U.S.C. § 3553, the Court sentenced petitioner to the mandatory minimum term of imprisonment of 240 months in effect at that time [Doc. 74 p. 19–32].

## II. Standard of Review

The Court must vacate, set aside, or correct petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . . ." 28 U.S.C. § 2255. To obtain relief under § 2255 because of constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). To obtain relief for a non-constitutional error, petitioner must show a fundamental defect that resulted in a complete miscarriage of justice or an egregious error amounting to violation of his right to due process. *Id.* In order to obtain collateral relief under § 2255, a petitioner "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982).

## III. Discussion

Petitioner alleges two instances of ineffective assistance of counsel. Petitioner also requests modification of his sentence to the new mandatory minimum based upon

4

the Supreme Court's holding in *Dorsey*, which applied the Fair Sentencing Act of 2010 ("FSA") retroactively to pre-FSA offenders sentenced after the FSA effective date.

### A. Ineffective Assistance of Counsel

Petitioner alleges that his counsel was ineffective for (1) failing to sufficiently inform him of the true nature of the plea agreement by not advising him of the amount of drugs stipulated to therein; and (2) failing to raise a breach of agreement claim at sentencing [Doc. 74 p. 14–15; Doc. 84 p. 5, 6]. The Sixth Amendment provides, in pertinent part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland*, 466 U.S. at 687. As with any other claim under § 2255, the burden of proving ineffective assistance of counsel is on the petitioner. *Virgin Islands v. Nicholas*, 759 F. 2d 1073, 1081 (3d Cir. 1985).

In considering the first prong of the test set forth in *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. A party asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

The second prong of the *Strickland* test requires a claimant to show that counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. The claimant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Supreme Court emphasized that a claimant must establish both prongs in order to meet his burden, and if either prong is not satisfied the claim must be rejected, stating:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component,

> there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Id.* at 697.

### 1. Failure to inform petitioner of the specific amount of drugs stipulated to in the plea agreement

Petitioner's assertion that counsel did not sufficiently inform him of the true nature of the plea agreement by not advising him of the amount of drugs stipulated to therein, even if accepted as true, does not support a finding of prejudice and therefore does not meet the second requirement of *Strickland*. Petitioner accepts responsibility for fifty grams of crack cocaine [Doc. 74 p. 14–15], and the additional drug quantity attributed to him in the plea agreement did not increase the minimum sentence above that which was statutorily mandated for fifty grams. In other words, had the plea agreement stated that petitioner was being held responsible only for the fifty grams of crack cocaine for which petitioner accepts responsibility, the same statutorily mandated minimum sentence of 240 months' imprisonment would have applied. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (effective April 15, 2009 to Aug. 2, 2010). Accordingly, petitioner was not prejudiced by counsel's alleged failure to advise him of the specific amount of crack cocaine stipulated to in the plea agreement. Petitioner's request for § 2255 relief based on this ground is therefore without merit.

7

## 2. Failure to raise breach of agreement claim at sentencing

Petitioner also asserts that counsel should have raised a "breach of agreement claim" at sentencing, and that the failure to do so amounts to ineffective assistance of counsel. This argument appears to arise out of petitioner's claim that federal officers and petitioner entered into an agreement under which petitioner would receive a mandatory minimum sentence of ten years in exchange for his cooperation with the officers [Doc. 85-3 p. 1], which petitioner asserts the officers breached. Petitioner claims that counsel's failure to raise this issue at sentencing amounts to ineffective assistance.

Petitioner's assertion that counsel acted unreasonably by failing to raise the alleged agreement as to the length of petitioner's sentence at sentencing does not meet the first requirement of *Strickland*. The plea agreement petitioner signed states that the mandatory minimum sentence for each of the two charges is life imprisonment because of petitioner's prior convictions and that "[n]o promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case" [Doc. 34 p. 1, 5]. Additionally, in response to the Court's inquiry, petitioner affirmed that no one had promised or suggested he would receive a lighter sentence or leniency if he pleaded guilty. Moreover, the Court informed petitioner that a potential penalty for the guilty plea was a mandatory term of life in prison without release, that the government had not made any agreement to recommend a particular sentence, and that the Court would determine his sentence. Under these circumstances, petitioner cannot establish that counsel was unreasonable or ineffective for failing to raise the alleged

8

breach of agreement at sentencing. Accordingly, petitioner's request for § 2255 relief based on this ground is also without merit.

B.    **Request for Modification of Sentence under *Dorsey***

Petitioner additionally seeks to have his sentenced modified in accordance with *Dorsey v. United States*, 132 S. Ct. 2321 (2012). The United States does not oppose this request.

On August 3, 2010, the FSA amended 21 U.S.C. § 841 to require larger amounts of crack cocaine to trigger mandatory minimum sentences. *Compare* 21 U.S.C. § 841(b)(1)(A)(iii) (effective Aug. 3, 2010), *with* 21 U.S.C. § 841(b)(1)(A)(iii) (effective April 15, 2009 to Aug. 2, 2010). Specifically, § 841(b)(1)(A)(iii) was amended to provide that a ten-year mandatory minimum sentence does not apply where a defendant's offense involves less than 280 grams of crack cocaine. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (effective Aug. 3, 2010). The previous threshold for a ten-year mandatory minimum sentence was fifty grams of crack cocaine. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (effective April 15, 2009 to Aug. 2, 2010).

On June 21, 2012, after petitioner's guilty plea and sentencing, the Supreme Court held that the FSA's "new, lower mandatory minimums apply to the post-Act sentencing of pre-Act offenders." *Dorsey*, 132 S. Ct. at 2335. The *Dorsey* decision reversed previously controlling Sixth Circuit precedent that held the new, lower FSA mandatory minimums applied only to defendants whose offenses had occurred after the enactment of the FSA. *See United States v. Melvin*, 557 F. App'x 390, 393 (6th Cir. 2013)

9

(recognizing abrogation of the holding in *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010), that pre-FSA penalties apply to conduct committed before the FSA's enactment).

Under 28 U.S.C. § 2255(b), the Court has the authority to resentence or to correct a sentence as it "appears appropriate." Applying *Dorsey* to this case, it is clear that petitioner is no longer subject to a mandatory minimum term of imprisonment based upon the quantity of crack cocaine to which he pleaded guilty. The Court finds that the current restricted sentencing guideline range for petitioner is between 120 months and life. Based on the same reasoning set forth at the May 19, 2011, sentencing hearing and after consideration of the 18 U.S.C. §3553(a) factors,[2] the Court finds that a term of imprisonment of 120 months is an appropriate sentence in this case. There is no need for an evidentiary hearing on the § 2255 motion nor does the Court need to conduct a new sentencing hearing. *See United States v. Hadden*, 475 F.3d 652, 669 (4th Cir. 2007) (stating that § 2255 affords a district court the authority to correct an unlawful sentence without the necessity of a formal sentencing hearing).

Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. 84] will be **DENIED IN PART** and **GRANTED IN PART**. Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 based on ineffective assistance of counsel will be **DENIED**. Petitioner's motion for § 2255 relief

---

[2] The Court's consideration of the factors set forth in 18 U.S.C. §3553(a) has included examination of petitioner's accomplishments set forth in Doc. 97 and Doc. 99 and the attachments thereto.

based upon the holding in *Dorsey* will be **GRANTED**, his sentence of 240 months' imprisonment will be **VACATED**, and a new sentence of 120 months' imprisonment will be **IMPOSED**. The Court will enter an Amended Judgment to that effect.

    **AN APPROPRIATE ORDER WILL ENTER.**

                  s/ Thomas A. Varlan
                  CHIEF UNITED STATES DISTRICT JUDGE